JOHNSON ET AL. V. SMITH.

1. **Usury**: MORTGAGE: CONTRACT. By the terms of an agreement between the parties, S. loaned money at the rate of twenty-five per cent. interest, and ten per cent. upon the principal and interest to J., who executed a note and mortgage therefor to a third party, by whom the note and mortgage were assigned to S. without consideration: *Held*, that the contract was usurious and could not be sustained.

2. **Mortgage**: WHEN A DEED IS. A deed absolute in form, which is executed to secure a loan, will be treated as a mortgage.

*Appeal from Marshall District Court.*

TUESDAY, OCTOBER 20.

THIS is a suit in equity brought by the plaintiffs to have an absolute deed of certain land adjudged to be a mortgage, and

to redeem therefrom. Trial by the court; judgment for defendant, dismissing plaintiffs' petition, from which they appeal.

*Brown & Sears* and *O. L. Binford*, for appellants.

*Henderson & Merriman*, for appellee.

MILLER, CH. J.—The plaintiffs, in their petition, allege that on the 16th day of September, 1869, they were the absolute owners of a certain farm of 80 acres in Grundy county, on which was a mortgage for $346.39, made to one J. Frank Meeker, January 25th, 1869, bearing ten per cent. interest, and maturing October 25th, 1869; that at the date first named they applied to the defendant to borrow money for the purpose of paying said mortgage, which he promised to let them have at the rate of twenty-five per cent. per annum interest, and ten per cent. on the amount thereof, and directed them, in order to avoid usury, to have the mortgage made to secure a note of five hundred and seventeen dollars and fifty cents, drawing ten per cent. per annum interest, payable October 1st, 1870, to some friend of the plaintiffs who should indorse the same to the defendant, whereupon he would pay the plaintiffs the sum of four hundred and forty-five dollars therefor; that in pursuance of such direction from the defendant, plaintiffs did execute and deliver to one Sylvester Jones a mortgage on their land for said sum of five hundred and seventeen dollars and fifty cents, and a note for that amount to said Jones or bearer, which were, on the same day, assigned by said Jones to the defendant; that said Jones gave no consideration whatever for said note and mortgage, which defendant well knew; that the same were so made at the suggestion of defendant to cover up usury therein; that said defendant paid no consideration to Jones for said note and mortgage, but loaned to plaintiff, J. D. Johnson, the sum of four hundred and forty-five dollars, whereby said plaintiff agreed to pay the defendant the sum of one hundred and seventy-two dollars and fifty cents for the use of the sum loaned by defendant to plaintiff, from the 16th day of September, 1869, until the 1st day of October, 1870,

being more than lawful interest thereon, and was so done to avoid the statute against usury.

It is further alleged that on the 5th day of November, 1870, plaintiffs being desirous of having further time on said loan, it was further agreed that the defendant would forbear and give day of payment on the sum purporting to be due on said note and mortgage, being the sum of $574.28, including the usurious interest incorporated therein, and ten per cent on the whole sum for ten months and twenty-five days, and up to October 1, 1871; and for the forbearance and giving day of payment thereon the plaintiffs should pay to the defendant the sum of one hundred and twenty-five dollars and seventy-two cents, and to secure the payment thereof plaintiffs were to convey the mortgaged premises to the defendant, who was to execute to the plaintiffs an agreement in the nature of a lease of the premises, by the terms of which plaintiffs were to pay the defendant seventy-five dollars rent for said premises, and the further sum of $629.00 on the first day of October, 1871, and thereupon the defendant was to reconvey the land to plaintiffs; that said agreement was carried into effect by plaintiffs making to defendant a deed for said lands and the making of the lease by the defendant in pursuance with said corrupt and unlawful agreement. It is alleged that said deed was intended to secure the repayment of the said usurious loan, and is in equity a mortgage; that the premises at the time said deed was executed and delivered were of the value of $1,600; that the plaintiffs have since that time made valuable improvements; that plaintiffs have tendered to defendant the sum of $450, in full of the money loaned and all costs of making and recording of mortgage, deed and lease, and bring the money into court ready to be paid to defendant upon a re-conveyance of the land; that he has refused to re-convey on request. They ask that the mortgage, deed and lease all be declared usurious; that the deed be held to be a mortgage, and the defendant required to convey to plaintiffs upon payment of the sum found due, and for general relief.

Defendant admits plaintiffs' original ownership of the land, but denies all of the allegations of the petition in respect to

the alleged usurious transactions; denies that he ever loaned plaintiffs any money; alleges that he purchased the note and mortgage from Jones and paid him therefor; that he retained said security until about the time of the maturity of the same; at which time said John D. Johnson being unable to pay the same, it was agreed between him and the defendant, that, in consideration that the defendant would forbear the foreclosure of the mortgage and not put plaintiffs to the expense of a suit to foreclose the same, and defendant would rent said premises to said Johnson at the rent of $75.00 per annum during the time of the lease, and that defendant would sell said premises at any time before October 10, 1871, at the agreed price of $629.00; that defendant would relinquish the attorney's fees provided for in the mortgage, and release the said Jones from his guaranty of the payment of the note; and would purchase from plaintiffs the mortgaged premises at the sum of $572.00 and incur the expenses of conveying and perfecting the title; that, in pursuance of such agreement, defendant did purchase said premises and received the plaintiffs' warranty deed therefor; that plaintiffs occupied the premises under the lease from defendant, but did not elect to purchase the same according to the terms of said lease, but failed so to do. He alleges that the deed was intended to be absolute, and that the plaintiffs have no interest whatever in the land.

The court below rendered a decree for the defendant, dismissing plaintiffs' petition with costs.

We have given the evidence a careful examination, and have duly considered the argument of counsel, and are well satisfied that the allegations of the plaintiff's petition are substantially sustained. While there is some conflict in the testimony, it very clearly preponderates in favor of the plaintiffs. The circumstances of the case, about which there is no conflict, corroborate the testimony of the plaintiffs, and of their witness, very satisfactorily. The foot-prints of the usurer are very clearly visible through the whole of the transactions, and the guises by which it was intended to hide from view their real nature, are easily penetrated. It is not our intention to go into a discussion of the evidence, but simply to state our

conclusions, which are that the first transaction between the plaintiff and defendant in respect to the note and mortgage made by plaintiffs to Jones, and by him assigned to Smith, was a loan by the latter to the plaintiffs of $445, upon an usurious rate of interest, and that the execution of the deed of the premises to defendant by plaintiffs, and of the lease to them by defendant, was no more nor less than a renewal of the first loan, and a further giving day of payment thereof upon an agreement to pay unlawful interest, and must therefore be treated as a mortgage. The plaintiffs are entitled to a decree for a reconveyance of the land by the defendant upon the payment of the money which they have tendered, and by their pleading, offer to pay, together with all the costs of the action. A judgment will also be rendered in favor of the school fund for ten per centum per annum on the actual sum loaned.

The judgment will be entered in this court if either party so elect. Otherwise the cause will be remanded to the court below for judgment not inconsistent with this opinion.

REVERSED.